UNITED STATES of America, Appellee,

v.

OILFIELDS TRUCKING COMPANY,
Appellant.

No. 76–2839.

United States Court of Appeals,
Ninth Circuit.

Jan. 25, 1977.

R. Y. Schureman (argued), of Russell & Schureman, Los Angeles, Cal., for appellant.

James White, Asst. U. S. Atty. (argued), Oakland, Cal., for appellee.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

---

SNEED, Circuit Judge:

Appellant Oilfields was convicted in district court of permitting its drivers to remain on duty in excess of 70 hours over an eight day period while transporting hazardous materials, in violation of administrative regulations formulated under the Explosives and Other Dangerous Articles Act (EODAA), 18 U.S.C. § 834 (1970). Appellant is a carrier engaged in both interstate and intrastate commerce. The drivers involved here were engaged in the transportation of hazardous materials moving wholly intrastate. The only issues on appeal are whether Congress intended in the EODAA to regulate wholly intrastate shipments by interstate carriers and, if so, whether such regulation exceeds Congress' power under the Interstate Commerce Clause.

The EODAA, on its face, would appear to apply to appellant's intrastate shipments:

"The [Department] shall formulate regulations for the safe transportation *within the United States* of explosives and other dangerous articles . . . which shall be binding upon all carriers engaged in interstate or foreign commerce which transport explosives or other dangerous articles by land." 18 U.S.C. § 834(a) (1970) (emphasis added).

The legislative history of the EODAA also supports the Department of Transportation's regulation of appellant's intrastate carriage of hazardous materials. The statutory language "within the United States" was substituted by Congress in 1921 for the more limited language "from one State to another." According to the then chairman of the Interstate Commerce Commission, testifying before Congress, the broader language was intended to clear "up any doubt or controversy as to the jurisdiction of the act over an intrastate shipment on the line of a carrier which is engaged in interstate commerce." *Transportation of Explosives: Hearings on H.R. 12161 Before the House Committee on Interstate and Foreign Commerce*, 66th Cong., 2d Sess. (1920). When the EODAA was amended in 1960 to cover additional dangerous materials and private carriers, both houses of Congress expressed their intent to regulate intrastate shipments of hazardous materials by interstate carriers. See H.R.Rep.No.1975, 86th Cong., 2d Sess. at 3–4 (1960); S.Rep.No.901, 86th Cong., 1st Sess. at 2 (1959); U.S.Code Cong. & Admin.News 1960, p. 3351.[1]

Under the Commerce Clause, Congress has the power to regulate intrastate shipments of hazardous materials by interstate carriers. Such federal regulation is not unconstitutional. *See generally Katzenbach v. McClung*, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964); *Heart of Atlanta v. United States*, 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964).

AFFIRMED.

---

1. "The dangers inherent in explosives and other dangerous articles transported in intrastate commerce are equally as great as when transported in interstate commerce. To meet this fact, the bill would extend the present provisions relating to packing, marking and so forth, to shippers tendering such articles to interstate carriers irrespective of *whether the shipments are destined for movement in interstate, intrastate, or foreign commerce, and to all shipments of dangerous articles including intrastate shipments handled on interstate vehicles or commingled with interstate traffic.*" H.R.Rep. No.1975, 86th Cong., 2d Sess. at 3–4 (1960); S.Rep.No.901, 86th Cong., 1st Sess. at 2 (1959); U.S.Code Cong. & Admin.News 1960, p. 3353.

While it is unclear whether Congress meant this language to specifically apply to section 834 of the EODAA, dealing generally with the transportation of hazardous materials, or only to section 833, dealing with the proper marking of hazardous materials, there is no indication that Congress intended the jurisdictional scope of section 833 to be larger than that of section 834. There is nothing in the language of the two sections to suggest a difference in regulatory power over intrastate shipments by interstate carriers.

Letters from the Interstate Commerce Commission and the Department of Health, Education and Welfare, incorporated into the House report on the 1960 amendments, expressed their agencies' belief that the EODAA applies to intrastate shipments and movements "to the extent that such shipments and movements are . . . transported by interstate carriers." H.R.Rep.No.1975, 86th Cong., 2d Sess. at 14 & 24 (1960); U.S.Code Cong. & Admin.News 1960, p. 3372.